As to intent of testator, see Matter of Graber, 22 N. Y. St. Rep. 875; Morris *v.* Sickley, 57 Hun, 563; Lawton *v.* Corlies, 127 N. Y. 100; Roe *v.* Vingut, 117 Id. 204; Rood *v.* Watson, 54 Hun, 85; Matter of Wells, 113 N. Y. 396; Brill *v.* Wright, 112 Id. 129; Scholle *v.* Scholle, 113 Id. 261.

---

ENOCH MORGAN'S SONS' COMPANY, Appellant, *v.* GEORGE WALDO SMITH *et al.*, Respondents.

*Court of Appeals, April 19, 1892.*

1. *Contract. Construction.*—Where the defendants, by the terms of the contract between the parties, were to have a bonus in case their sales of plaintiff's goods exceeded those of the year before, but such bonus was to be forfeited if they violated certain conditions, they must show a compliance with such conditions in order to entitle them to counterclaim for such bonus.
2. *Evidence. Admission in one's favor.*—A party's own letter cannot be evidence, in his own behalf, of the facts therein stated, where they are not part of the *res gestæ.*

Appeal from a judgment of the general term of the court of common pleas of the city of New York, affirming a judgment entered upon the verdict of the jury.

*Chas. Steele*, for appellant.

*James A. Seaman*, for respondents.

BROWN, J.—This appeal presents the question of the sufficiency of proof to establish a counterclaim asserted by the defendants against the plaintiff.

The counterclaim arose upon the alleged performance of a contract between the parties, which was contained in a letter addressed by the plaintiff to the defendants, the material part of which is as follows:

"NEW YORK, *April* 23, 1887.

" *Messrs. Smith & Sills,*

" GENTLEMEN—Your purchases of Sapolio during the year 1886 were equivalent to eight hundred and ninety cases of one-half gross each. In order to more fully interest you and encourage a larger sale we will pay you  *  *  *  one dollar for each half gross case and fifty cents for each quarter gross case, you may purchase for direct shipment during the year 1887, in excess of the number of cases mentioned above, provided you sign and strictly adhere to the terms of the enclosed agreement, and provided also that your purchases are only for your legitimate wants in the ordinary course of your dealings with the retail trade.

" Yours truly.

" ENOCH MORGAN'S SON'S CO."

The agreement referred to and which was signed by the defendants provided that they would not sell nor allow any of their employees to sell any of the Sapolio for less than $4.50 per case for half gross cases, and $2.25 per case for quarter gross cases, and that they would not, upon sales of such articles, give longer time or greater discount for cash than generally allowed by them on other goods.

The reply by appropriate allegation put in issue the performance of the contract, and it was therefore incumbent upon the defendants to establish its performance on their part.

This they assumed to do, and upon the close of their evidence the plaintiffs moved to dismiss the counterclaim on the ground that they had failed to show compliance with the condition of the agreement sued on. This motion was denied and the exception taken presents the question for review.

We are of the opinion that this ruling was erroneous. There was no waiver of the condition of the contract by the

plaintiffs in the pleadings or upon the trial, and the defend-
ants could not recover without proving full performance of
the contract on their part.

It was not every sale of a case of Sapolio that would en-
title them to receive from plaintiffs the sum specified.

To entitle them to recover, it was essential to prove a pur-
chase from plaintiffs made necessary by their wants in the
course of their dealing with the retail trade and a sale thereof
for a price not less than that specified, either for cash or upon
terms of credit generally allowed by them upon the sale of
other goods.

The proof failed to show a compliance with these condi-
tions. It warranted the conclusion that defendants had pur-
chased from plaintiffs 508 one-half gross cases in excess of
the quantity purchased in 1886 and that the same had been
sold in their ordinary dealings with the retail trade. But
nothing more. There was no evidence as to the price at
which the goods were sold or as to the terms of the sales.

These were matters essential to their right to recover and
without some evidence upon them no cause of action was
established.

The respondent refers us to two letters written by defend-
ants to the plaintiff, forming a part of the correspondence
between the parties in relation to the performance of the
contract. These letters contain statements to the effect that
defendants had kept the contract in good faith and that they
had sold all the Sapolio at full price without reduction or
rebate whatever.

A party's own letter cannot be evidence in his own behalf
of the facts therein stated when they are not part of the *res
gestæ*. These letters were not therefore proof of the perform-
ance of the contract and had no other probative force than
to show that the defendants claimed that they had performed
the agreement.

The facts in reference to the sales were necessarily within
the defendants' knowledge. They must have known who

their customers were and the times and prices for which the Sapolio was sold, and while we do not hold that it was essential for them to prove the details of every sale in order to make out their *prima facie* case, it was essential that the proof should be sufficient to enable the jury to determine as a fact that the sales were in accord with the terms of the contract.

The judgment must be reversed and a new trial granted.

All concur, except LANDON, J., dissenting, and VANN, J., not voting.